# METROPOLITAN DADE COUNTY v MALLOY
## Case No. 89-187 AP
Eleventh Judicial Circuit, Dade County
January 31, 1990

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** Dade County Attorney, **Valerie Levy Rennert, Esquire,** and **Henry N. Gillman, Esquire,** for appellant.

**Barbara Malone, Esquire,** Legal Services of Greater Miami, Inc., for appellee.

Before MORENO, KAHN, CARDONNE, JJ.

### OPINION OF THE COURT

(PER CURIAM.) We affirm the attorney's fee award by the County Court to the appellee, Bessie Mallon (Malloy).

After dismissal of an eviction action brought by the appellant, Metropolitan Dade County (Dade County), the trial court awarded Malloy attorney's fees pursuant to Section 83.48, Fla. Stat. (1983) (landlord and tenant proceedings).

Dade County contests neither the dismissal nor the amount of the

fee award, but suggests that because Malloy was represented by Legal Services of Greater Miami, Inc. (Legal Services) without charge, any fee award would constitute reversible error. Dade County argues that *Florida Patient's Compensation Fund v Rowe,* 472 So.2d 1145 (Fla. 1985) mandates (at page 1151) that " . . . in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." Since Malloy's agreement with Legal Services was for the legal representation to be gratis, Dade County should incur no obligation in excess of that agreement.

We do not adopt that reasoning. *Rowe* deals with the issue of *how much,* not *whether.* Reexamining and clarifying *Rowe,* the Florida Supreme Court in *Standard Guaranty Insurance Co. v Wuanstrom,* — So.2d — (15 FLW 523) (Fla. 1990), established three categories of attorney's fee cases. The matter before us falls into the category of public policy enforcement cases, under which twelve factors are to be considered, only one of which is the fee arrangement. The Court in *Quanstrom* agreed with the reasoning of the United States Supreme Court in *Blanchard v Bergeron,* 109 S.Ct. 939 (1989) as to public policy enforcement cases, and stated (at 15 FLW 525, and referring to *Blanchard): [:Q]*

There, the Court held that a contingency fee arrangement between a plaintiff and his counsel is only one factor to be considered and cannot, standing alone, limit the trial judge's discretion in setting a reasonable fee. The Court expressly held that the contingency fee agreement does not serve as a cap in determining a reasonable fee, stating: The trial judge should not be limited by the contractual fee agreement between plaintiff and counsel.

The Florida Supreme Court went on to observe that public policy attorney's fees actions are design " . . . to encourage individuals to institute actions because such private litigation would substantially benefit society." Citing a commentator, the Court noted that private enforcement would be unlikely if individuals lacked the funds to retain counsel. Fee awards, therefore, help to implement legislative intent.

We add that there would be less incentive to avoid violation of public policy enactments if there were no exposure to an adverse fee award simply because the aggrieved citizens happened to be represented pro bono.

We therefore hold that an attorney's agreement to represent a client without charge or obligation in a public policy enforcement case, does not prevent an award of statutorily authorized attorney's fees.

Affirmed.