## SWEZY v RAMOS

Case No. 90-14690 CC 05

County Court, Dade County

October 24, 1990

### APPEARANCES OF COUNSEL

**Kelley Finn, Esquire,** for plaintiff.

**Peter H. Barber, Esquire,** Legal Services of Greater Miami, Inc., for defendant.

### OPINION OF THE COURT

JOAN A. LENARD, County Judge.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS*

THIS CAUSE is before the Court on Defendant's Motion for Attorney's Fees and Costs and the Court having held an evidentiary hearing on October 16, 1990 and being otherwise fully advised in the

premises hereby enters its findings of fact and conclusions of law as follows:

1. This action was brought under Chapter 83, part II Fla. Stat. by plaintiff to gain possession of a Section 8 subsidized housing unit rented by plaintiff to defendant, Luis Ramos. Defendant's counsel is Legal Services of Greater Miami, Inc.,(LSGMI).

2. On September 10, 1990 this Court (per Judge Bernard R. Jaffe) entered an order granting defendant's motion to dismiss. That order was entered based on the fact that the plaintiff landlord had accepted Section 8 rental subsidy payments subsequent to the alleged noncompliance by the tenant and thus waived his right to bring an eviction action under 83.56(5) Fla. Stat.

3. Section 83.48 Fla. Stat authorizes an award of costs and attorney's fees to the prevailing party in an action under Chapter 83, part II Fla. Stat. The instant case is such an action.

4. At the hearing plaintiff argued that LSGMI was not entitled to a fee because LSGMI does not charge its clients fees. However, to the contrary, it is now well settled that Legal Service organizations, such as LSGMI, are fully entitled to awards of fees under fee shifting statutes such as the one in the present case. *See e.g., Blum v Stenson,* 465 U.S. 886 (1984), *Metropolitan Dade County v Malloy,* 39 Fla. Supp. 2d 18 (11th Judicial Circuit, 1990).

5. The Court finds that LSGMI Attorney, Peter H. Barber, reasonably spent a total of 7.5 hours on this case. This includes 1.5 hours on the issue of attorney's fees alone (.5 hours preparation the attorney's fees motion and affidavit and 1.0 hour at the hearing). Attorney's fees are properly awardable for litigating the fees issue. *Tiedeman v City of Miami,* 529 SO.2d 1266, 1267 (Fla. 3d DCA 1988).

6. Defendant's counsel is entitled to compensation at the prevailing rate in the Miami area. *Blum v Stenson,* 465 U.S. 886 (1984). The Court finds that the rate requested of $175 per hour is well within the market range for an attorney of Mr. Barber's experience, skill and reputation. *See Fla. Patient's Compensation Fund v Rowe,* 472 So.2d 1145, 1151 (Fla. 1985) ("rate charged in that community by lawyers of reasonably comparable skill, experience, and reputation for similar services.").

7. The lodestar amount of fees is therefore $1,312.50 (7.5 hours × $175 per hour). Although arguably entitled to do so, defendant has not requested a multiplier under *Rowe* and *Standard Guaranty Co. v Quanstrom,* 555 So.2d 828 (Fla. 1990).

8. Defendant is awarded $41.50 for the cost of a deposition. Thus, the total award of fees and costs is $1,355.00.

DONE AND ORDERED at Miami, Dade County, Florida, this 24th day of October, 1990.